FILED & ENTERED

AUG 21 2019

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY sumlin    DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br>Rodney Phillip Walker,<br><br>Debtor(s) | Case No.:    2:19-bk-16732-NB<br>Adv. No.:    2:19-ap-01239-NB<br>Chapter:    7<br><br>**ORDER ABSTAINING AND REMANDING REMOVED PROCEEDING** |
| Estate of Alfredo William Walker,<br>Plaintiff(s)<br>v.<br>Greg Walker,<br>Defendant(s) | Hearing Date:<br>Date:  August 20, 2019<br>Time:  11:00 a.m.<br>Place: Courtroom 1545<br>          255 E. Temple Street<br>          Los Angeles, CA 90012 |

At the time and place set forth above, this Court held a continued hearing on its Order To Show Cause Why Removed Proceeding Should Not Be Remanded (the "OSC," adv. dkt. 2). *See also* Order (adv. dkt. 5) *and* Response (adv. dkt. 8). Appearances were as noted on the record.

On July 26, 2019 Debtor filed a notice of removal of the above-captioned proceeding. This matter involves long-pending probate issues, which have been removed in prior bankruptcy cases, as described in the OSC.

-1-

On August 20, 2019, prior to the above captioned hearing, the chambers of the undersigned Bankruptcy Judge received a telephone call, from someone identifying himself only as "Ken" who claimed to be a "trustee," alleging that Debtor is incarcerated and therefore could not appear at the hearing. At the hearing the first issue that this Court addressed was whether the hearing could or should proceed in view of that communication.

This Court determined to proceed with the hearing for the following reasons. First, there is no actual evidence of incarceration. Second, even if Debtor is incarcerated this Court permits telephonic appearances and there is no showing that Debtor attempted to arrange for such an appearance and was prohibited by the prison authorities from doing so, and alternatively that he could not arrange for counsel to appear on his behalf. Third, prior to the hearing this Court posted a tentative ruling explaining that Debtor lacks standing and is no longer the real party in interest:

> Debtor lacks standing and is no longer the real party in interest. As the OSC points out, Debtor chose to convert this case to chapter 7, so now his chapter 7 trustee has exclusive control over all of his claims. [Tentative Ruling, posted prior to the hearing at www.cacb.uscourts.gov.]

Therefore, Debtor has no basis to object to abstention and remand, which is a sufficient basis by itself to proceed with the hearing, notwithstanding Debtor's alleged inability to participate.

Having determined that the hearing should go forward, this Court orally ruled that it is appropriate to abstain and remand, because the Chapter 7 Trustee, who is the only party with standing to prosecute the removed action and who is the real party in interest, supported abstention and remand (subject to the conditions set forth in the ordering paragraphs below).

Alternatively, this Court orally ruled that Debtor's arguments in his response to the OSC (adv. dkt. 8) are unpersuasive, both as to this Court's jurisdiction/authority and on the merits. As to the arguments about jurisdiction/authority, this Court's tentative ruling posted prior to the hearing provided in relevant part:

Debtor confuses jurisdiction with authority, and this Bankruptcy Court has both jurisdiction and authority to issue final orders on the matters presently before this Court: the decisions whether to abstain and remand are both statutorily and Constitutionally "core," and even if they were not this Court can issue final rulings because those matters can be addressed without an evidentiary hearing. *See* 28 U.S.C. [§] 157(b)(2)(A)&(O); *and see In re AWTR Liquidation Inc.*, 547 B.R. 831 (2016). (Indeed, Debtor himself asserts that this entire proceeding is a "core" proceeding, dkt. 8, p.15:26-27, p.25:21, etc. - this Court does not agree that the entire proceeding is "core," but this part of it certainly is.) [Tentative Ruling, posted prior to the hearing at www.cacb.uscourts.gov.]

On the merits, based on the record before this Court as summarized in the OSC, there have been repeated bankruptcy cases and repeated removals of the probate proceedings, without adequate notice to other parties to the probate proceeding, all of which have been used (i) to assert later that any proceedings before the nonbankruptcy Court hearing the probate matter have been void, and (ii) to hinder and delay the probate proceedings. Under the authorities cited in the OSC, the probate proceeding should not have been removed and should continue to proceed before the nonbankruptcy Court that has been presiding over it (subject to the conditions set forth in the ordering paragraphs below), all of which is sufficient cause for abstention, remand, and the related relief provided below.

//

For the reasons stated herein and at the hearing, and good cause appearing, it is hereby **ORDERED**:

1. This Court **ABSTAINS** from the above captioned removed proceeding, and **REMANDS** this proceeding to the nonbankruptcy Court presiding over the probate proceedings.

2. Pursuant to 11 U.S.C. §362(d)(1), cause exists to grant **RELIEF FROM THE AUTOMATIC STAY** so that the removed action may proceed to final judgment (including any appeals) in the nonbankruptcy forum in accordance with applicable nonbankruptcy law, provided, however, that (a) the stay remains in effect with respect to enforcement of any judgment (i) against Debtor as a personal liability or (ii) against property that is determined (by the nonbankruptcy Court) to have belonged to Debtor as of the commencement of this bankruptcy case on June 7, 2019 (which now belongs to Debtor's bankruptcy estate), and (b) this Court retains jurisdiction to allow or disallow any claims against Debtor or the bankruptcy estate.

###

Date: August 21, 2019

Neil W. Bason
United States Bankruptcy Judge

# CERTIFICATE OF SERVICE

I, the below-named deputy clerk of the United States Bankruptcy Court, certify that I placed a true and correct copy of the attached document in a sealed envelope for collection and mailing, no later than the next business day that is not a court-observed holiday, in the United States mail, first class, postage prepaid, and addressed as follows:

<u>Defendant</u>
Greg Walker
1645 S Meridian
Alhambra, CA 91803

Gregory Walker
1645 Meridian Ave
Alhambra, CA 91803

<u>Defendant's attorney in the Relief From Stay matter in this case</u>
Paul E. Gold, Esq.
Dennis P. Block & Assoc's, APC
5437 Laurel Canyon Blvd., 2d Flr.
Valley Village, CA 91607

<u>Attorney for Defendant and interested party Nicole Rene Thrower in the probate proceeding</u>
Nathan Talei, Esq.
Oldman, Cooley et al., LLP
16133 Ventura Blvd., Penthouse Ste.
Encino, CA 91436-2408

<u>Interested party</u>
Nicole Rene Thrower
32185 Bandelier Rd
Winchester, CA 92596

<u>Debtor</u>
Rodney Phillip Walker
5701 Seventh Ave
View Park, CA 90043

Rodney Phillip Walker
5701 Seventh Ave
Los Angeles, CA 90043

☐ Service information continued on attached page

Date:  8/21/2019        Signature:        /s/ Sharon Sumlin

                        Deputy Clerk [*printed name*]:    Sharon Sumlin